**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AUGUST IMAGE, LLC, | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No.: |
| v. | ) |
| | ) |
| GET LIT CONCEPTS LLC and JOHN DOES 1-3, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| | ) |

The plaintiff August Image, LLC ("Plaintiff"), by its undersigned attorney, R. Terry Parker, Esq., for its Complaint against the defendant Get Lit Concepts d/b/a Beem ("Beem") and John Does 1-3 ("Franchisee and Officer Defendants" and together with Beem, collectively, "Defendants"), alleges as follows:

## SUBSTANCE OF THE ACTION

1.     This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501.  Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

## PARTIES

2.     Plaintiff is a New York corporation with a principal place of business at 22 West 23rd Street, 3rd Floor, New York, New York 10010.

3.     Upon information and belief, Beem is a North Caroline sauna franchising business with a franchise located at 113 Turnpike St, North Andover, Massachusetts, 01845.

1

4.      Upon information and belief, the Franchisee and Officer Defendants are either entities or individual doing business as Beem® Light Sauna Beem at 113 Turnpike St, North Andover, Massachusetts, 01845.

## JURISDICTION AND VENUE

5.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

6.      Personal jurisdiction over Beem is proper.  Beem is conducting business in this judicial district and committing torts in this state, including without limitation Beem's copyright infringement, which causes harm in this state and judicial district.  Specifically, Beem transacted business with the Franchisee and Officer Defendants, and continues to transact business the Franchisee and Officer Defendants here in the Commonwealth and such business directly concerns the infringing use of Plaintiff's copyrights to promote the Beem® Light Sauna business located at 113 Turnpike St, North Andover, Massachusetts, 01845.

7.      Personal jurisdiction over the Franchisee and Officer Defendants is proper.  the Franchisee and Officer Defendants are conducting business in this judicial district and committing torts in this state, including without limitation the copyright infringement at issue in this litigation, which causes harm in this state and judicial district.

8.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.      **Plaintiff's Business**

9.      Plaintiff is a boutique agency offering a uniquely creative caliber of photography from its full-service rights managed collection.  Plaintiff is the exclusive representative for an elite group of creative and innovative contemporary photographers specializing in celebrity and fashion photography and video.  On behalf of its award-winning photographers, Plaintiff licenses photographic works from its catalogue to various third parties for various purposes, including editorial, advertising, corporate, and non-profit purposes.  In short, Plaintiff takes care of the business of monetizing the works of its photographers so that the photographers can take care of the business of creating award winning works.

10.      Among the many awarding winning photographers for whom Plaintiff serves as the exclusive licensing agent is the celebrated photographer Dennis Leupold, known for his work in the realm of fashion, then shifting his focus toward music and entertainment. Leupold's images are bold, dynamic and convey the strength of his subjects.

11.      Mr. Leupold is the sole author of the following photograph, hereinafter referred to as the "Copyrighted Work":



12. Mr. Leupold has previously obtained a certificate of registration from the United States Copyright Office, Reg. No. VA 2-233-84 for the copyrights in and to the Copyrighted Work.

13. The Copyrighted Work is an original work of authorship.

14. Plaintiff is, and has been at all relevant times, the exclusive licensee of the copyrights in and to the Copyrighted Work.

15. Plaintiff licenses the Copyrighted Work for professional applications including editorial, advertising, corporate and non-profit use.

**B.     Defendants' Unlawful Activities**

16. Plaintiff discovered Defendants infringing Plaintiff's exclusive copyrights in the Copyrighted Work.

17. Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed, used in the creation of derivative works, and publicly displayed, without Plaintiff's

authorization at Defendant's website, a copy of the screenshot of which is depicted here:



18.    Upon information and belief, Beem, together with the Franchisee and Officer Defendants, in order to advertise the Beem® Light Sauna business located at 113 Turnpike St, North Andover, Massachusetts, 01845, needed a glamourous portrait of a celebrity and went looking for one on the internet where Beem, together with the Franchisee and Officer Defendants, located the Copyrighted Work and, without authorization from Plaintiff, downloaded the Copyrighted Work to computer systems owned or operated by Beem, and then used the Copyrighted Work in the creation of promotional material for the commercial purpose of selling Beem and the Franchisee and Officer Defendants' services at 113 Turnpike St, North Andover, Massachusetts, 01845, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing, creating unlawful derivative works, and publicly displaying the Copyrighted Work.

19.    Beem, together with the Franchisee and Officer Defendants, are thus directly

responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Work within the last three years.

20.　　Beem and the Franchisee and Officer Defendants' reproduction, distribution, derivation, and public display of the Copyrighted Work are without Plaintiff's authorization.

21.　　Beem and the Franchisee and Officer Defendants' unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Work are knowing and willful and in reckless disregard of Plaintiff's copyrights in that Beem and the Franchisee and Officer Defendants, are aware of the need to seek a license for the commercial use of the Copyrighted Work of others, knew they did not have permission to use Plaintiff's Copyrighted Work and deliberately did so anyway, in reckless disregard of Plaintiff's copyrights.

**FIRST CLAIM FOR RELIEF**
**DIRECT COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq.*)**

22.　　Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

23.　　The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

24.　　As exclusive licensee, Plaintiff has, and has had at all relevant time, sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

25.　　Upon information and belief, as a result of Plaintiff's licensing of the Copyrighted Work to others for public display, Beem and the Franchisee and Officer Defendants had access to the Copyrighted Work prior to the creation of the infringing post on Instagram to promote the Beem® Light Sauna business located at 113 Turnpike St, North Andover, Massachusetts, 01845.

26.　　By its actions, as alleged above, Beem and the Franchisee and Officer Defendants

have infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, using in the creation of an unlawful derivative works, and publicly displaying the Copyrighted Work at the infringing website.

27.     Beem and the Franchisee and Officer Defendants' infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

28.     As a direct and proximate result of Beem's and the Franchisee and Officer Defendants' infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendants' uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial pursuant to 17 U.S.C. § 504(b).

29.     In addition, at Plaintiff's election, also pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Beem and the Franchisee and Officer Defendants' profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

30.     In the alternative, and at Plaintiff's election, to the extent allowed by 17 U.S.C. § 412, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § § 504(c), in the amount of $150,000 for each Copyrighted Work with respect to the infringing reproduction, distribution, use in derivative work(s), or public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

31.     Beem and the Franchisee and Officer Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement against All Defendants)

32.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

33.     In the event Beem contends that the infringing conduct described above is done by the Franchisee and Officer Defendants, and Beem lacked control over the marketing and messaging of the services sold under the Beem brand, which is highly implausible, Beem had either actual or constructive knowledge of the above-described infringements and either induced, caused or materially contributed to the infringing conduct described above.

34.     Beem had knowledge of the infringement at issue because Beem, upon information and belief, required the Franchisee and Officer Defendants to submit marketing materials, such as the infringe material here, to Beem for approve so that Beem could ensure that the marketing of its franchisee was in keeping with Beem's brand standards.  Pursuant to these contractual obligations, the Franchisee and Officer Defendants submitted the promotional use of Plaintiff's Copyrighted Work to Beem for review.  Beem reviewed the infringing use of Plaintiff's Copyrighted Work and knew that the Franchisee and Officer Defendants did not obtain a license for the use of Plaintiff's Copyrighted Work.

35.     Defendants materially contributed to some or all of the infringements at issue in this litigation by providing the technology necessary for the infringement to occur.  For example, Defendants have provided social media accounts, computer systems, software, and hardware that was used in the creation of the infringing use at issue here.

36.     By their actions, as alleged above, Beem's foregoing acts of contributory infringement violate Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501.

37.    Upon information and belief, the foregoing acts of contributory infringement of Plaintiff's copyright are willful and deliberate and Beem profited at the expense of Plaintiff.

38.    As a direct and proximate result of Beem's contributory infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Beem's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

39.    In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

40.     In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

41.    Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

42.    Beem's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

### THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement against All Defendants)

43.    Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

44.     As an alternative theory to its infringement claims above, to the extent Beem contends it did not directly or contributorily infringe Plaintiff's copyrights, and such direct and contributory infringement was caused by its franchisee, Beem benefited from or stood to benefit from the direct infringement described above while declining to exercise an ability to stop it.

45.     Through contractual arrangements with the Franchisee and Officer Defendants, Beem had the right or ability to control the direct infringement as described above.

46.     Beem had the right and ability to cause the infringing copies of the Copyrighted Work to be removed from one or more of the infringing post identified above.

47.     Beem had the right and ability to cease the unlawful distribution of infringing copies of some or all of the Copyrighted Work.

48.     Beem had the right and ability to cease the unlawful public display of infringing copies of some or all of the Copyrighted Work.

49.     Beem had a financial interest in the reproduction, distribution, and public display of infringing copies of some or all of the Copyrighted Work and Beem benefitted from or stood to benefit from the direct infringement by earning revenues from advertising at the websites where some or all of the Copyrighted Work.

50.     As a direct and proximate result of Beem's vicarious infringement of Plaintiff's copyrights in some or all of the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Beem's uses of some or all of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

51.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Beem's profits from infringement of some or all of the Copyrighted Work, which amounts will be proven at trial.

52.     In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 per work with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work by Defendants, or such other amounts as may be proper under 17 U.S.C. § 504(c).

53.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

54.     Beem's vicarious infringement has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiffs exclusive rights under copyright law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1.     A declaration that Defendants have infringed Plaintiff's copyrights under the Copyright Act;

2.     A declaration that such infringement is willful;

3.     An accounting of all revenue earned by Defendants during the period in which it reproduced, distributed or displayed the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4.      Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendants from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each

instance of copyright infringement;

5.        Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement pursuant to the Copyright Act;

6.        Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505 for each instance of copyright infringement;

7.        Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8.        Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's or to participate or assist in any such activity; and

9.        For such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 26, 2024

Respectfully submitted,

/s/ *R. Terry Parker*
R. Terry Parker, Esquire (BBO No. 569008)
Law Office of R. Terry Parker
43 West 43rd Street, Suite 275
New York, New York 10036-742
Telephone: (212) 859-5068

Email: terry@rterryparkerlaw.com

*Attorney for Plaintiff*
*August Image, LLC*